1  Phillip J. Eskenazi (SBN 158976)
   peskenazi@hunton.com
2  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
3  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
4  Facsimile: (213) 532-2020

5  Charles A. Gall *(Pro Hac Vice Application Pending)*
   cgall@hunton.com
6  James W. Bowen *(Pro Hac Vice Application Pending)*
   jbowen@hunton.com
7  **HUNTON & WILLIAMS LLP**
   1445 Ross Avenue, Suite 3700
8  Dallas, Texas 75202
   Telephone: (214) 979-3000
9  Facsimile: (214) 880-0011

10 Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

11

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14               **SAN FRANCISCO DIVISION**

15 KIMBERLY BENSON; KARIMDAD        CASE NO.: CV 09-5272 (EMC)
   BALOCH; and NEERJA JAIN
16 GURSAHANEY, individually and on   **DEFENDANT JPMORGAN CHASE**
   behalf of all others similarly situated,  **BANK, N.A.'S:**
17
                Plaintiffs,           **(1)  NOTICE OF MOTION AND**
18                                          **MOTION TO TRANSFER**
         v.                                **VENUE; AND**
19
                                      **(2)  MEMORANDUM OF POINTS**
20 JPMORGAN CHASE BANK, N.A.,             **AND AUTHORITIES IN**
   individually and as successor in interest  **SUPPORT THEREOF**
21 of WASHINGTON MUTUAL, INC.,
                                      DATE:  February 3, 2010
22              Defendant.            TIME:  10:30 a.m.
                                      PLACE: Courtroom C
23
24
25                                    *[Declaration of Phillip J. Eskenazi, Request
                                      for Judicial Notice and [Proposed] Order
26                                    Filed Concurrently Herewith]*
27                                    Complaint Filed:  November 5, 2009
28

1

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

   **PLEASE TAKE NOTICE** that at 10:30 a.m. on February 3, 2010 or as soon

4 thereafter as the matter may be heard in Courtroom C of the above-entitled Court,

5 located at 450 Golden Gate Avenue, San Francisco, California, Defendant

6 JPMORGAN CHASE BANK, N.A. ("Chase") will, and hereby does, move the Court

7 for an order transferring the case to the Northern District of Texas pursuant to 28

8 U.S.C. § 1404(a) and the doctrine of judicial comity.

9      This Motion is based upon the grounds that the issues raised in Plaintiffs'

10 complaint are the subject of two actions in the United States District Court for the

11 Northern District of Texas before the Honorable Reed O'Connor, United States

12 District Judge.  The same issues decided and to be decided by Judge O'Connor

13 necessarily will be considered by this Court if this case proceeds.  In addition, the

14 convenience of the parties and witnesses, and the interests of justice warrant the

15 transfer of this action to the Northern District of Texas under 28 U.S.C. § 1404(a).

16      This Motion is based upon this Notice of Motion and Motion, the attached

17 Memorandum of Points and Authorities, the Request for Judicial Notice and

18

19

20

21

22

23

24

25

26 ///

27 ///

28 ///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

1 | Declaration of Phillip J. Eskenazi filed concurrently herewith, all pleadings and papers

2 | on file, and upon such oral argument as may be made at the hearing on this Motion.

3 |

4 | Dated:  December 23, 2009          By: /s/     Phillip J. Eskenazi

5 | Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com

6 | **HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000

7 | Los Angeles, California 90071-2627
Telephone:  (213) 532-2000

8 | Facsimile:   (213) 532-2020

9 | and

10 |

11 | Charles A. Gall *(Pro Hac Vice Application Pending)*
cgall@hunton.com

12 | James W. Bowen *(Pro Hac Vice Application Pending)*
jbowen@hunton.com

13 | **HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700

14 | Dallas, Texas 75202
Telephone:  (214) 979-3000

15 | Facsimile:   (214) 880-0011

16 | Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  ARGUMENT.........................................................................................................4

      A.    The Court should transfer this action under the doctrine of federal
            comity...........................................................................................................4

      B.    Convenience and the interest of justice favor transfer to the Texas
            Court.............................................................................................................6

            1.    The interest of justice favors transfer. ............................................7

            2.    Convenience of the parties and witnesses supports transfer. ..........7

IV.   CONCLUSION .....................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page Nos.

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991)..................................................................6, 8

*Church of Scientology of California v. U.S. Department of the Army*,
  611 F.2d 738 (9th Cir. 1979) ......................................................6

*Kertest Manufacturing Co. v. C-O-Two Fire Equipment Co.*,
  342 U.S. 180 (1952) ......................................................6

*Lou v. Belzberg*,
  373 F.2d 530 (9th Cir. 1987) ......................................................9

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982)......................................................6

*Piper Aircraft v. Reyno*,
  454 U.S. 235 (1981) ......................................................8

## STATE CASES

*BRC Group, LLC v. Quepasas*,
  2009 WL 2424669 (N.D. Cal. Aug. 7, 2009)...........................................8

*Jolly v. Purdue Pharma, L.P.*,
  2005 WL 2439197 (S.D. Cal. Sept. 28, 2005) ...........................................9

*Milton v. True Position, Inc.*,
  2009 WL 323036 (N.D. Cal. Feb. 9, 2009).................................................8

*Papagni v. Hammersmith Trust, L.L.C.*,
  2000 WL 630901 (N.D. Cal. May 9, 2000) ...........................................7

*Peak v. Green Tree Financial Servicing Corp.*,
  2000 WL 973685 (N.D. Cal. July 7, 2000)..................................................6

*Persepolis Enterprise v. United Parcel Service, Inc.*,
  2007 WL 2669901 (N.D. Cal. Sept. 7, 2007) ...........................................7

*Weinstein v. MetLife, Inc.*,
  2006 WL 3201045 (N.D. Cal. Nov. 6, 2006)........................................6-7

*Western Oilfields Supply Co. v. Goodwin*,
  2009 WL 161068 (E.D. Cal. Jan. 22, 2009)..............................................10

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

**DOCKETED CASES**

2

*Securities and Exchange Commission v. Millennium Bank, et al.*,
Case No. 7:09-CV-00050-0 (the "Receivership Action.") ..................... 3-5

3

4

**FEDERAL STATUTES**

5

28 U.S.C. § 1404 .......................................................................................... 8

28 U.S.C. § 1404(a) ..................................................................................... 1

Fed. R. Civ. P.  45(a)(2) ............................................................................... 9

Fed. R. Civ. P. 59 ........................................................................................ 6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3

4      This case arises out of the alleged Ponzi scheme that is the subject of two

5 actions in the United States District Court for the Northern District of Texas (the

6 "Texas Court") before the Honorable Reed O'Connor, United States District Judge.

7 The first is a receivership proceeding relating to the primary alleged wrongdoers.

8 *Securities and Exchange Commission v. Millennium Bank, et al.,* Case No. 7:09-CV-

9 00050-0 (the "Receivership Action."). In that case, the SEC alleges that the Ponzi

10 scheme victims were induced to purchase bogus certificates of deposit from

11 Millennium Bank by William J. Wise, Kristi Hoegel, Jacqueline Hoegel, individually

12 and on behalf of UT of S, LLC, and affiliated persons and entities (collectively,

13 "UTS").

14      The second proceeding in the Texas Court is a class action suit filed against

15 Chase in April 2009 on behalf of the alleged Ponzi scheme victims (the "Gruenberg

16 Action") by Anne Marie Litson-Gruenberg. The plaintiff in the Gruenberg Action

17 alleges that Chase is liable for the victims' losses because, according to the plaintiff,

18 Washington Mutual Bank ("WaMu") aided and abetted UTS in the fraudulent activity

19 by providing banking services.[1] On December 16, 2009, Judge O'Connor dismissed

20 the Gruenberg Action for failure to state a claim, but he retains jurisdiction over the

21 case.

22      As more fully described below, federal comity, the convenience of the parties

23 and witnesses, and the interests of justice warrant the transfer of this action to the

24 Texas Court. Accordingly, Chase seeks an order of this Court doing so.

25

26

27

28

[1] Under the terms of a September 25, 2008 agreement between Chase and FDIC as receiver for WaMu, Chase acquired certain assets of WaMu. Chase, however, is *not* the successor of WaMu.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## II.    **<u>STATEMENT OF FACTS</u>**

On March 26, 2009, the SEC filed the Receivership Action against Millennium Bank, United Trust of Switzerland, S.A., UT of S, LLC, Millennium Financial Group, William J. Wise, Kristi Hoegel, Jackie Hoegel, Phillipe Angeloni, Brijesh Chopra, United T of C, LLC, Sterling I.S., LLC, Matrix Administration, LLC, Jasmine Administration, LLC, Daryl C. Hoegel, Ryan Hoegel, Lynn P. Wise, and Laurie H. Walton (the "Receivership Defendants"). Request for Judicial Notice ("RJN"), at Exh. 1; *see also* the Docket Report, RJN at Exh. 2. On March 25, 2009, Judge O'Connor entered an order appointing Richard B. Roper ("Receiver") of the Thompson & Knight law firm in the Northern District of Texas as receiver over all of the assets of UTS. RJN at Exh. 3 and, as amended, at Exh. 4. In that same order, Judge O'Connor enjoined the filing of claims against all Defendants in the Receivership Action in courts other than the Texas Court. RJN at Exh. 3, at p. 7; *see also* RJN at Exh. 5 (temporary restraining order). The Receivership Action remains pending before Judge O'Connor.

The Receiver has seized all documents and materials, including cell phones and computers, from the Receivership Defendants' offices in Napa, California and Raleigh, North Carolina, and shipped them to the offices of Thompson & Knight in the Northern District of Texas. RJN at Exh. 6, at p. 10. Those materials include 5.46 terabytes of data. *Id.* To date, the Receiver has received 1563 claims from 819 investors, asserting claims for more than $119,188,545. *Id.* at 4.

The Receiver has served document subpoenas on Chase and several other financial institutions and he either has received or anticipates receiving soon documents from more than 20 entities. *Id.* at p. 25-26. The Receiver has indicated that he will make those documents available to attorneys who represent investors pursuing claims against WaMu, among others, upon receipt of a subpoena. RJN at Exh. 8.

1    Finally, the Receiver has retained the forensic accounting firm of Litzler,

2    Segner, Shaw & McKenney, L.P. ("LSS&M") in Dallas, Texas.  *Id.* at p. 11.  LSS&M

3    is to provide a comprehensive view of the Ponzi scheme.  *Id.*

4    On April 15, 2009, Anne Marie Litson-Gruenberg filed the Gruenberg Action in

5    the Texas Court against Chase, Case No. 7:09-CV-056-0.  The Gruenberg Action also

6    was assigned to Judge O'Connor.  Copies of the original and amended complaints are

7    included in the RJN at Exhs. 8 and 9.

8    In the Gruenberg Action, the plaintiff alleged that UTS fraudulently induced her

9    late husband to invest in a Millennium Bank CD.  She brought claims against Chase

10   under California law, on behalf of herself and a putative class of the other victims of

11   the Ponzi scheme, for aiding and abetting fraud, aiding and abetting breach of

12   fiduciary duty, breach of fiduciary duty, constructive fraud, negligence, and

13   negligence per se.  In that regard, the plaintiff alleged that Chase either knew or

14   should have known that UTS was operating a Ponzi scheme and provided substantial

15   assistance in connection therewith.

16   On December 16, 2009, Judge O'Connor dismissed the Gruenberg Action for

17   failure to state a claim.  RJN at Exh. 10.

18   On November 5, 2009, Plaintiffs filed the present action.  Like the plaintiff in

19   the Gruenberg Action, Plaintiffs bring claims against Chase under California law for

20   aiding and abetting fraud and breach of fiduciary duty, among others.  A comparison

21   of the complaint in this action to the amended complaint in the Gruenberg Action

22   reveals that the allegations against Chase substantively are identical -- both allege in a

23   conclusory fashion that Chase knew or should have known of the Ponzi scheme and

24   provided substantial assistance relating to the fraud.

25   According to the Receiver, he is monitoring the Gruenberg Action.  RJN at

26   Exh. 11, at p. 2.  He also has issued a statement about the Gruenberg Action.  RJN at

27   Exh. 12.

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   Recognizing the similarities in the cases, on December 9, 2009, Plaintiffs filed a

2   Motion for Transfer and Consolidation before the Judicial Panel on Multidistrict

3   Litigation.  RJN at Exh. 13.  In that motion, Plaintiffs requested that the Panel transfer

4   the Gruenberg Action case to the Northern District of California for coordinated or

5   consolidated proceedings.  *Id.*  The MDL Panel, on December 18, 2009, denied

6   Plaintiffs' motion as moot.  RJN at Exh. 14.

7   **III.   ARGUMENT**

8      **A.   The Court should transfer this action under the doctrine of federal**

9           **comity.**

10   Under the doctrine of federal comity, a district court should decline jurisdiction

11   over an issue that properly is before another district court.  *Kertest Mfg. Co. v. C-O-*

12   *Two Fire Equip. Co.*, 342 U.S. 180, 185-86 (1952).  The doctrine is designed to

13   promote judicial efficiency by avoiding an unnecessary burden on the federal

14   judiciary and by avoiding duplicative or conflicting judgments.  *Alltrade, Inc. v.*

15   *Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  The purpose of the comity

16   principle is of "paramount importance," and it "should not be disregarded lightly."

17   *Peak v. Green Tree Financial Servicing Corp.*, 2000 WL 973685, at *1 (N.D. Cal.

18   July 7, 2000) (*citing Church of Scientology of California v. U.S. Dep't. of the Army*,

19   611 F.2d 738, 750 (9th Cir. 1979)); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678

20   F.2d 93, 95 (9th Cir. 1982).

21   The Receivership Action and Gruenberg Action were filed months before the

22   present case.  Although Judge O'Connor has dismissed the Gruenberg Action, he

23   retains jurisdiction over the case; the plaintiff may seek relief under FED. R. CIV. P.

24   59; and the plaintiff may appeal.  The Receivership Action remains active.

25   Moreover, the parties are similar.  Because this case is a class action, the Court

26   is to compare the proposed classes, not the class representatives.  *Weinstein v.*

27   *MetLife*, *Inc.,* 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006).  In the Gruenberg

28   Action, the plaintiff sought to certify a class "consisting of all those who invested in

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  the [Millennium Bank] Ponzi scheme . . . ."  RJN at Exh. 9, at p. 3.  In the present

2  case, Plaintiffs seek to certify a class of all persons "who, between July 1, 2004 to the

3  present, purchased or otherwise acquired a purported Certificate of Deposit ("CD")

4  from or through Millennium, UTS and/or one of the Nevada LLCs."  Comp. at 28.

5  Thus, the proposed classes are substantively identical.

6        Although Chase is not a party to the Receivership Action, all of the Defendants

7  in that proceeding are identified in this action as "unnamed Co-Conspirators."

8  According to Plaintiffs, they are not named defendants because of Judge O'Connor's

9  receivership order enjoining litigation against them, unless filed in the Texas Court.

10  Comp. at 9-10.  Plaintiffs, however, describe the unnamed co-conspirators as potential

11  parties, and they reserve their rights against those individuals and entities.  *Id.*  If this

12  case were transferred to the Texas Court, Judge O'Connor could decide how, if at all,

13  Plaintiffs' claims against Chase should proceed along with Plaintiffs' claims against

14  the alleged co-conspirators.  *See*, *e.g.*, *Papagni v. Hammersmith Trust, L.L.C.*, 2000

15  WL 630901 (N.D. Cal. May 9, 2000) (recognizing the authority of another federal

16  court to enjoin actions in other districts in connection with a receivership).

17        Next, the issues in this case and in the Gruenberg Action -- whether Chase

18  knew of the alleged wrongdoing by its customer(s) and whether Chase substantially

19  assisted its customer(s) with the Ponzi scheme -- are identical.  The issues in the

20  Receivership Action -- whether and to what extent the Receivership Defendants

21  defrauded the investors -- also are at issue in the present case.  If the present case

22  proceeds, inconsistent judgments are possible on all of these issues, and the rights of

23  the Ponzi scheme victims could be impacted disparately.

24        Moreover, the docket sheet from the Receivership Action (RJN at Exh. 2)

25  shows that the case is and has been very active, and Judge O'Connor has analyzed and

26  made rulings related to many aspects of the alleged Ponzi scheme.  *See*, *e.g.*,

27  *Persepolis Enterprise v. United Parcel Service, Inc.,* 2007 WL 2669901, at *2 (N.D.

28  Cal. Sept. 7, 2007) (case transferred to the Northern District of Alabama "where the

5

1   [Alabama] court already has a deep familiarity with the facts . . . [and] is in a better

2   position to determine whether the two cases should proceed separately.").  In the

3   Gruenberg Action, Judge O'Connor has analyzed and applied the legal issues under

4   California law arising from WaMu's alleged participation in the Millennium Bank

5   Ponzi scheme.  Accordingly, he obviously has a thorough understanding of the facts

6   and applicable law.

7            The same issues decided and to be decided by Judge O'Connor necessarily will

8   be considered by this Court if this case proceeds.  Sound judicial administration,

9   efficiency, and the risk of inconsistent judgments dictate that those issues not be

10  considered by two courts.  *See Alltrade*, 946 F.2d at 625.

11           Finally, Plaintiffs have recognized the propriety of having this case resolved in

12  a single forum by filing their Motion for Transfer and Consolidation before the MDL

13  Panel.  Although that motion was unsuccessful, Plaintiffs acknowledge that "assigning

14  a single judge [to the investors' claims] will insure that the legal issues raised in this

15  case . . . are addressed in a consistent manner."  RJN at Exh. 13, at p. 4.  The only way

16  to insure that all legal issues are addressed in a consistent manner is to transfer this

17  case to the Texas Court.

18       **B.**   **Convenience and the interest of justice favor transfer to the Texas**

19            **Court.**

20           28 U.S.C. § 1404 allows the Court to transfer an action to any district where it

21  might have been brought for the convenience of the parties and witnesses, in the

22  interest of justice.  In this regard, Chase must show:  (1) the existence of an adequate

23  alternative forum;[2] and (2) that the balance of private and public interest factors

24  weighs in favor of transfer.  *BRC Group, LLC v. Quepasa*s, 2009 WL 2424669, at *4

25  (N.D. Cal. Aug. 7, 2009) (*citing Piper Aircraft v. Reyno*, 454 U.S. 235 (1981)).  The

26

27            [2] There is no question that the present action may have been brought in the Texas Court.
28  Chase does business in the Northern District of Texas, and it did not object to venue in the
    Gruenberg Action, nor will it in the present action.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

1   purpose of Section 1404 is to "prevent the waste of time, energy, and money and to

2   protect litigants, witnesses and the public against unnecessary inconvenience and

3   expense." *Milton v. True Position, Inc.*, 2009 WL 323036, at *1 (N.D. Cal. Feb. 9,

4   2009).  The balance of interests here favors transfer.

5                    **1.     The interest of justice favors transfer.**

6          "The pendency of related actions in the transferee forum is a significant factor

7   in considering the interest of justice factor." *Jolly v. Purdue Pharma, L.P.*, 2005 WL

8   2439197, at *2 (S.D. Cal. Sept. 28, 2005).  As described above, the same legal issues

9   exist in the present action and the Receivership and/or Gruenberg Actions.

10  Transferring this case to the Texas Court will avoid the wastefulness and the

11  possibility of inconsistent results.

12                  **2.     Convenience of the parties and witnesses supports transfer.**

13         According to the Complaint, only two of the Plaintiffs are California residents.

14  Although a plaintiff's choice of forum ordinarily is afforded deference, that deference

15  is reduced in class action cases.  *Lou v. Belzberg*, 373 F.2d 530, 544  (9th Cir. 1987).

16  The Northern District of California no doubt would be more convenient for two of the

17  Plaintiffs individually, but the convenience analysis should focus on the investors, not

18  the named Plaintiffs, because Plaintiffs' claims focus on UTS' statements to all

19  investors generally.  *Jolly*, 2005 WL 2439197, at *2.  (Although the *Jolly* plaintiff's

20  purchase of OxyContin allegedly took place within this district, the plaintiff's claims

21  more broadly implicated the defendant's representations to "the public.").  The Ponzi

22  scheme victims likely are spread across the United States, if not the world.  Access to

23  documents and witnesses is more convenient in Texas.  The Receiver has gathered

24  relevant documents, cell phones, and computers, including those originally in

25  California, and compiled them in his offices in the Northern District of Texas.

26         The Receiver has indicated that, although he will require compliance with

27  appropriate legal requirements, he will not withhold information or documents

28  properly requested.  RJN at Exh. 7, at p. 1.  He specifically references document

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   requests for "investors pursuing claims against Defendants' service providers

2   (including Google and WaMu)."  *Id.*  Thus, the parties in the present action will need

3   to issue subpoenas for documents from the Texas Court, pursuant to FED. R. CIV. P.

4   45(a)(2).  Disputes relating to those subpoenas necessarily will be addressed to the

5   Texas Court.  Rule 45(c).

6       Dallas, Texas is a more convenient forum for the majority of the witnesses.[3]  It

7   is centrally located, and its airport is served by direct flights from most American and

8   many foreign cities.  The witnesses at trial will be one or more of the Receivership

9   Defendants, Plaintiffs, other Ponzi scheme investors, LSS&M, and representatives of

10  Chase.  The Texas Court has jurisdiction over the Receivership Defendants.  LSS&M

11  is located in Dallas, Texas.  The victims of the alleged Ponzi scheme, of whom more

12  than 800 have filed claims in the Receivership Action, likely are from all over the

13  United States and foreign countries.  Although Plaintiffs and some other witnesses are

14  from California, Dallas is the most convenient forum for the witnesses as a whole.[4]

15      Judicial caseload statistics also support transfer of this action to the Texas

16  Court.  *See Western Oilfields Supply Co. v. Goodwin,* 2009 WL 161068, at *4 (E.D.

17  Cal. Jan. 22, 2009) (considering case load statistics in connection with § 1404

18  motion).  According to the latest Federal Judicial Caseload Statistics summary

19  (www.uscourts.gov/caseload2009/contents.html), the Texas Court has 325 pending

20  cases per Judgeship compared to 634 in this Court.

21  ///

22  ///

23  ///

24  ///

25  ///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

[3] Although the Receivership and Gruenberg Actions are pending in the Wichita Falls Division of the Northern District of Texas, Judge O'Connor presides in Dallas.

[4] Chase will not object to making its California witnesses available in Texas.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

IV.   **CONCLUSION**

For the foregoing reasons, Chase respectfully requests that the Court transfer this case to the Northern District of Texas.  Finally, Chase respectfully requests that the Court grant it such other and further relief to which it may show itself justly entitled.


Dated:  December 23, 2009          By: /s/     Phillip J. Eskenazi

Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:   (213) 532-2000
Facsimile:    (213) 532-2020

and

Charles A. Gall *(Pro Hac Vice Application Pending)*
cgall@hunton.com
James W. Bowen *(Pro Hac Vice Application Pending)*
jbowen@hunton.com
**HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas  75202
Telephone:   (214) 979-3000
Facsimile:    (214) 880-0011

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

9
64226.001200 EMF_US 29286195v1
– DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE