1

2  **NIALL P. McCARTHY** (SBN 160175)
   nmccarthy@cpmlegal.com
3  **ANNE MARIE MURPHY** (SBN 202540)
   amurphy@cpmlegal.com
4  **ARON K. LIANG** (SBN 228936)
   aliang@cpmlegal.com
5  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
6  Burlingame, CA 94010
   Tel: (650) 697-6000 / Fax: (650) 697-0577

7  **STEVEN N. BERK** (*admitted pro hac vice*)
   steven@berklawdc.com
8  **BERK LAW PLLC**
   1225 15th Street, N.W.
9  Washington D.C. 20005                    **DEREK G. HOWARD** (SBN 118082)
   Tel: (202) 232-7550 / Fax: (202) 232-7556   dhoward@minamitamaki.COM
10                                          **BETHANY CARACUZZO** (SBN 190687)
   **KEITH L. MILLER** (*admitted pro hac vice*)  bcaracuzzo@minamitamaki.com
11 klm4law@aol.com                          **MINAMI TAMAKI LLP**
   Twenty One School Street                 360 Post Street, 8th Floor
12 Boston, MA 02108                         San Francisco, CA 94108-4903
   Tel: (617) 523-5803 / Fax: (617) 523-4563   Tel: (415) 788-9000 / Fax: (415) 398-3887
13
   *Counsel for the Benson, Baloch and*     *Counsel for the Lowell Plaintiff and the*
14 *Gursahaney Plaintiffs and the Putative Class*  *Putative Class*

15                    **UNITED STATES DISTRICT COURT**

16                   **NORTHERN DISTRICT OF CALIFORNIA**

17                       **SAN FRANCISCO DIVISION**

18
   KIMBERLY BENSON, et al.,          )   Civil Action No. CV 09-5272 MEJ
19                                    )   Civil Action No. CV 09-5560 MEJ
              Plaintiff,             )
20                                    )   **PLAINTIFF'S NOTICE OF MOTION**
         vs.                          )   **AND MOTION FOR RELIEF UNDER**
21                                    )   **RULE 60(b)(1); REQUEST FOR**
   JP MORGAN CHASE BANK, etc.         )   **JUDICIAL NOTICE; AND [PROPOSED]**
22                                    )   **ORDER GRANTING MOTION FOR**
              Defendants.            )   **RELIEF PURSUANT TO RULE 60(b)(1).**
23                                    )
   _____ )
24 JOHN ALEXANDER LOWELL, etc.        )   Date : October 14, 2010
                                      )   Time : 10:00 a.m.
25            Plaintiff,             )   Dept. : Courtroom B, 15th Floor
         vs.                          )   Judge: Magistrate Maria-Elena James
26                                    )
   JPMORGAN CHASE BANK, etc.          )
27                                    )
              Defendants.            )
28 _____ )

**TO ALL PARTIES AND THEIR ATTORNES OF RECORD:**

  **PLEASE TAKE NOTICE** that at 10 A.M. on October 14, 2010, or as soon thereafter as the matter may be heard in Courtroom B of the above entitled court, located at 450 Golden Gate Ave., 15th Floor, San Francisco, California, Plaintiffs Kimberly Benson, Karimdad Baloch, Neera Jain Gursahaney and John Alexander Lowell, individually and on behalf of all others similarly situated, will and hereby do, move for an Order Granting Plaintiffs' Request for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

  This Motion is brought under Federal Rule of Civil Procedure 60(b), which is an equitable rule allowing for modification of a final judgment. The underlying motion is based upon the grounds that the Court has made four judicial mistakes that demand reversal or modification of the Court's final order dated August 10, 2010. The grounds are as follows: (1) the Court committed unintentional error by accepting the Defendant's position that FIRREA deprived the Court of subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative remedies even though the Plaintiffs have received no notice as required; (2) even if notice had been provided, as a matter of law the defendant JP Morgan would not be subject to the jurisdiction of the administrative process which the Court held deprived itself of jurisdiction; (3) the Court erroneously applied the wrong standard by applying a merely facial perspective; and (4) despite long-standing precedent, and in the absence of oral argument or an appearance of any sort, the Court concluded that no amendment would cure the Courts' erroneous belief that there was no subject matter jurisdiction.

# **TABLE OF CONTENTS**

I.    ISSUES PRESENTED..................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY ........................................... 3

III.  LEGAL ARGUMENT............................................................................... 4

    A.    LEGAL STANDARD: THE COURT HAS WIDE DISCRETION TO GRANT A
        MOTION PURSUANT TO FRCP 60(b)(1)........................................................ 4

    B.    FIRREA'S ADMINISTRATIVE CLAIMS PROCESS DOES NOT APPLY TO
        THE INSTANT CASE ............................................................................... 5

        1.    Plaintiffs Never Received the Mandatory Notice from the Receiver ......... 5

        2.    Plaintiffs Could Not and Cannot Obtain Relief through the FIRREA
            Process ................................................................................... 6

    C.    THE COURT ERRED BY ASSESSING THE COMPLAINT ON A FACIAL
        LEVEL WHEN FACTS HAD BEEN SUBMITTED BY JPMORGAN CHASE
        REQUIRING A FACTUAL ANALYIS............................................................. 8

    D.    IT WAS A MISTAKE TO DENY PLAINTIFFS' LEAVE TO AMEND ............. 9

V.    CONCLUSION........................................................................................ 12

| | |
|---|---|
| 1 | <div align="center">**<u>TABLE OF AUTHORITIES</u>**</div> |
| 2 | **<u>Cases</u>** |

*Cashner v. Freedom Stores, Inc.*
  98 F.3d 572, 576, 578 (10th Cir. 1996) ..................................................4

*Briones v. Riviera Hotel & Casino*
  116 F. 3d 379, 381 (9th Cir. 2009). ..................................................4

*Fidelity Federal Bank FSB v. Durga Ma Corp.*
  387 F.3d 1021, 1024 (9th Cir. 2004) ..................................................4

*Henrichs v. Valley View Development*
  474 F.3d 609 (9th Cir. 2007) ..................................................6

*Johnson v. Washington Mutual*
  2010 U.S.Dist. 22959 (E.D. Cal. 2010) ..................................................8

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*
  168 F. 3d 347, 350 (9th Cir. 1999). ..................................................4

*Lemonge v. United States*
  587 F.3d 1188, 1192 (9th Cir. 2009). ..................................................4

*Miller v. Rykoff-Sexton Inc.*
  845 F.2d 209, 214 (9th Cir. 1988) ..................................................10

*Pena v. Wells Fargo Bank*
  400 B.R. 847, 857 (Bkrptcy S.D. Tx. 2009)………..................................................8

*Punzalan v. FDIC*
  U.S. Dist. Lexis 57289 (W.D. Tx. 2009) ..................................................8

*Saul v. United States*
   928 F.2d 829, 843 (9th Cir. 1991) ..................................................10

*Ynclan v. Department of Air Force*
  943 F.2d 1388 (5th Cir. 1388, 1391). ..................................................9

**<u>Statutes</u>**

12 U.S.C.§1821..................................................5

F.R.Civ.P. 15(a)(2)..................................................9

# I.    **ISSUES PRESENTED**

(1)     Did the Court commit unintentional error or mistake by holding that the Plaintiffs failed to exhaust administrative remedies available to them, even though the Plaintiffs had received no notice?

(2)     Even if notice had been provided, which it was not, did the court commit unintentional error or mistake when it held as a matter of law that JPMorgan would be subject to an administrative process?

(3)     Did the court erroneously apply the wrong standard by engaging in a merely facial analysis?

(4)     In the absence of oral argument, and under the circumstances of this case, should the Court, at a minimum, have allowed the Plaintiffs to amend their Complaints instead of concluding that no amendment could have cured the Court's erroneous belief that there was no subject matter jurisdiction?

# II.    **INTRODUCTION**

This is a motion brought pursuant to Rule 60(b), where the interest of justice demands reversal or modification of this Court's Final Order of August 10, 2010. Four separate judicial mistakes support such relief. The first two relate to the Court's conclusion that it lacks subject matter jurisdiction to proceed. The third mistake illustrates the erroneous standard used by the Court in its analysis of Defendant's motion to dismiss. Finally, the fourth mistake is procedural. The Court abused its discretion by refusing Plaintiffs leave to amend.

The crux of the Court's conclusion that it lacks subject matter jurisdiction stems from acceptance of Defendant's position that FIRREA **requires** dismissal for Plaintiff's failure to exhaust its administrative remedies. A more nuanced and careful analysis of the precise and indeed rather unique situation at issue in this case, however, reveals the Court's unintentional error by accepting that position. First, before the administrative exhaustion requirement can be imposed, FIRREA requires that Plaintiffs receive Notice. Plaintiffs never received Notice, nor

1   did Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant") cite to any evidence in

2   the record that demonstrates notice was provided to Plaintiffs.   Accordingly, the requirement for

3   exhaustion of the FIRREA administrative process has not been triggered.  The Court retains

4   subject matter jurisdiction.

5          Second, even if Notice had been provided, as a matter of law the Defendant JPMorgan

6   would not be subject to the jurisdiction of the administrative process.  Thus, the process would be

7   a nullity and futile. This case is rather unique and does not raise cookie cutter claims that are

8   similar to the common claims brought against Receivers and the FDIC.   Thus, more analysis is

9   warranted.  As set forth in the statutory language, the administrative process is limited to claims

10  against (a) the Federal Deposit Insurance Corporation, (b) acting as Receiver, against (c) the

11  assets that are in receivership. JPMorgan is not the Receiver.  JPMorgan's assets are not under

12  receivership.  Accordingly JPMorgan cannot be required to appear before the FDIC, nor is

13  JPMorgan bound by the FDIC's administrative process.  Indeed, to the contrary, JPMorgan as the

14  purchasing bank is explicitly excluded by FIRREA from the liability sought in the instant case.

15  As such, the Court's order that Plaintiffs claims against JPMorgan could and should have been

16  brought against JPMorgan, and that therefore Plaintiffs can somehow obtain relief against

17  JPMorgan before the FDIC, is legally incorrect and a mistake that the Court should correct under

18  Rule 60(b).

19         Third, in deciding Defendant's Motion to Dismiss, the Court applied the wrong standard.

20  Although correctly identifying the distinction between a facial and factual challenge to the

21  Complaint, the Court ignored the distinction in its analysis and proceeded instead to analyze and

22  decide the instant case from a merely facial perspective. That analysis was erroneous because

23  Plaintiffs had previously requested the Court take Judicial Notice of extrinsic evidence,

24  specifically the Purchase and Assumption Agreement ("PAA") between Washington Mutual and

25  JPMorgan.  Once part of the record, the Court, like previous courts, could have then proceeded

26  with a factual analysis of the PAA, which explicitly outlined the parties' obligations with respect

27  to claims of third parties, held by Plaintiffs in this proceeding.

28

1    Fourth, despite longstanding precedent, the Court refused to grant Plaintiff leave to

2    amend.  There had been no prior amendments to the Complaints.  Particularly given the fact that

3    the Court's decision may have erroneously instructed Plaintiffs to an incorrect forum to

4    adjudicate their claims, it was an abuse of discretion not to allow Plaintiffs to amend.  Under the

5    circumstances, the Court should amend its Order and allow the Plaintiffs leave to amend.

6    Review of this Court's Order of August 10th serves the interests of justice.  If allowed to

7    stand, the August 10, 2010 Order will and does mistakenly deny innocent investors any forum in

8    which to litigate their claims against and obtain relief from, JPMorgan.  That denial, under these

9    circumstances, constitutes an injustice warranting reversal or modification of this Court's Final

10   Order of August 10th in accordance with Rule 60(b).

11

12   ### III.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

13   For nearly a year, Defendants skillfully precluded Plaintiffs from obtaining discovery,

14   where they simply seek to answer the questions: 'what did Defendant(s) know and when did they

15   know it?'  During this time, JP Morgan never contended that this Court lacked subject matter

16   jurisdiction. Instead, JPMorgan filed a Motion under Rule 12(b) (6) claiming Plaintiffs had failed

17   to state a claim.  In a thoughtful opinion, after a lengthy oral argument, Magistrate Judge Chen

18   denied the motion under Rule 12(b)(6) and allowed the case to proceed to discovery and set a full

19   pre-trial calendar.  In denying Defendant's first motion to dismiss, the Court concluded:

20

21   [G]iven the specific allegations and reasonable inference there
     from, the Court finds that *Plaintiffs have sufficiently pled a*
22   *plausible claim that WaMu/JPMorgan knew of the Ponzi scheme*
     allegedly perpetrated by Mr. Wise and his associates. (Emphasis
23   supplied).

24   April 15, 2010 Order at page 4.

25

26   Plaintiffs attempted to move forward with discovery.  JPMorgan refused to provide

27   discovery, then filed the underlying Rule 12(b)(1) motion to dismiss, claiming the Court lacked

28   subject matter jurisdiction---even after availing itself for several months of the jurisdiction of the

1    Court—on the "grounds" that, under FIRREA, Plaintiffs had to first exhaust their administrative

2    remedies before the FDIC-Receiver before being able to assert claims against JPMorgan.

3    Without providing Plaintiffs the benefit of oral argument, or permitting leave to amend their

4    Complaints to clarify any perceived ambiguities regarding Plaintiffs' assertions against

5    JPMorgan, this Court dismissed all claims against JPMorgan. *See* August 10, 2010 Order.

6

7                              IV.    **LEGAL ARGUMENT**

8         A.    **LEGAL STANDARD: THE COURT HAS WIDE DISCRETION TO
                GRANT A MOTION PURSUANT TO FRCP 60(b) (1)**
9
10            Federal Rule of Civil Procedure ("FRCP") 60(b)(1) provides, "On motion and just terms,

11   the court may relieve a party or its legal representative from a final judgment, order, or

12   proceeding for the following reasons…(1) Mistake, inadvertence, surprise, or excusable neglect."

13            While some courts are split as to whether Rule 60(b)(1) applies to mistakes in a court's

14   judgment—as opposed to a party's or counsel's---the Ninth Circuit clearly permits Rule 60(b)

15   relief from judicial errors of fact and/or law. *Fidelity Federal Bank FSB v. Durga Ma Corp.*, 387

16   F.3d 1021, 1024 (9th Cir. 2004) citing to *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.

17   3d 347, 350 (9th Cir. 1999). *See also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576, 578

18   (10th Cir. 1996) (noting that the 1946 Amendment to Rule 60(b) removed restrictions in its

19   language so that judicial mistakes be included). The kinds of mistakes that may be raised by a

20   Rule 60(b)(1) motion are mistakes that a party could not have protected against, particularly given

21   the result of the prior judge and no appearance before this Court. *Id.* at 578; *Fidelity Federal*

22   *Bank, FSB v. Durga Ma Corp, supra*, 387 F.3d at 1024. Here, Plaintiffs could not have prevented

23   the Court's mistaken understanding of the scope of FIRREA as it applies to this case, nor could

24   Plaintiffs have protected against the Court's ruling effectively denying Plaintiffs any relief

25   whatsoever.

26            The standard under Rule 60 is an equitable standard. *Briones v. Riviera Hotel & Casino*,

27   116 F. 3d 379, 381 (9th Cir. 2009). A district court's denial of relief from a final judgment is

28   reviewed for abuse of discretion. *Lemonge v. United States,* 587 F.3d 1188, 1192 (9th Cir. 2009).

**B.** **FIRREA'S ADMINISTRATIVE CLAIMS PROCESS DOES NOT APPLY TO THE INSTANT CASE**

**1.** **Plaintiffs Never Received the Mandatory Notice from the Receiver**

FIRREA's administrative process requirement is triggered by *mandatory* notice to creditors.

> "(3) Authority of receiver to determine claims:
>
> ...
>
> (B) Notice Requirements.  The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, *shall*—
>
> (i)  Promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice...; and
>
> (ii) Republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i).   12 U.S.C. §1821(d)(3)(B);  [Emphasis added.]

The clear language of the statute governs.  Here-- and unlike other cases where the FDIC was found to be the proper party to be sued--none of these Plaintiffs have received such required notice. Nor does JPMorgan at any time ever assert, either in its Answers to the Complaints, in its prior motions, including the subject Motion to Dismiss, or in any other motion or pleading, that it gave Plaintiffs' notice under FIRREA to pursue claims against JPMorgan to the FDIC-Receiver.

The failure to provide notice was not merely an oversight. It was impossible to carry out and significantly would serve no purpose.  Impossible because, JPMorgan could not have known all the entities that would have had a relationship, of one kind or another, with any WAMU account holder.  For example, WAMU had hundreds of thousands of accounts.  Easily thousands of those accounts were held by businesses or organizations that may have derivative claims against WAMU, similar to the claims in this case that Magistrate Judge Chen has already ruled are "plausible".  Where would JPMorgan Chase begin to look?

Even broad publication notice would be insufficient because the claims of third parties like Plaintiffs may have been unknown at the time Notice was published.

1    Indeed, this lack of notice itself illustrates why FIRREA is not applicable to this

2    proceeding.   Certainly if the FDIC had authority over Plaintiffs' claims against JPMorgan it

3    would have provided them Notice.

4

5    **2.    Plaintiffs Could Not and Cannot Obtain Relief through the FIRREA Process**

6    Plaintiffs move under Rule 60(b)(1) because JPMorgan's assets are not under receivership

7    and JPMorgan is not subject to the FDIC-Receiver. Under these circumstances, requiring the

8    exhaustion of an administrative remedy is a mistake. The instant Order simply refers the case to

9    oblivion – where the result is necessarily certain failure. Why? Because the Court's perceived

10   alternative *does not exist* with respect to these claims and JPMorgan Chase. The administrative

11   claims process that is available under FIRREA, should the Receiver choose to create one, does

12   not and cannot apply to JPMorgan. An administrative claims process pursuant to FIRREA is

13   created and administered by the Receiver, here the FDIC. 12 U.S.C. §1821(d)(3)(4). The FDIC

14   has been appointed as receiver only as to Washington Mutual Bank, the failed bank. Under

15   FIRREA, an appointed receiver has the power to "take over the assets of and operate" the

16   company in receivership, performs all functions of the institution, and performs all the functions

17   of its officers, directors and shareholders. 12 U.S.C.§1821(d)(2)(A),(B),(C),(D). A receiver can

18   also liquidate, merge, or transfer the assets and liabilities of an institution over which it has been

19   appointed receiver.  12 U.S.C. §1821(d)(2)(D).  It is those types of powers, and others, that grant

20   the FDIC the authority and jurisdiction to choose, or not choose, to institute a claims procedure

21   for those claiming obligations due them by the institution under receivership.  12 U.S.C.

22   §1821(d)(2)(H),(d)(3),(d)(4).

23   Here, it is undeniable that the FDIC has no authority to perform the functions of

24   JPMorgan or of its officers, directors and shareholders. Nor can the FDIC liquidate, merge, or

25   transfer the assets or liabilities of JPMorgan.  As such, the FDIC does not have the authority to set

26   up an administrative process for people to follow to assert claims against the assets of JPMorgan,

27   nor does it have the jurisdiction to hear any such claims against the assets of JPMorgan.  Simply

28

put, even if Plaintiffs herein had submitted any claims against JPMorgan to the FDIC-Receiver four years ago, *they would not have been able to obtain relief through that process*. JPMorgan must admit that the FDIC would have had no ability to hear or adjudicate those claims.

Consistent with that reasoning is the Ninth Circuit's decision holding that claims regarding any assets or liabilities that were <u>transferred or assigned to a purchasing bank</u> fall outside the administrative claims process set forth in FIRREA.   *Henrichs v. Valley View Development*, 474 F.3d 609 (9th Cir. 2007).  In *Henrichs*, the Ninth Circuit expressly held that exclusive federal jurisdiction and the administrative remedies under FIRREA did not apply.  As in the present case the FDIC-Receiver was not a party to the underlying state court action and had no interest in the subject note because it had already been assigned to a third party, over which the FDIC had no authority.  (Here that third party is JPMorgan.)

> At the time of the state court litigation, the FDIC had no interest in the note because it had already assigned the note. Although Henrichs attempts to paper over this fact by claiming that he stepped into the shoes of the FDIC for the purposes of the state court litigation, **the statute does not reach assignees of assets once owned by the FDIC**. Therefore, because the FDIC was neither a party to the state court lawsuit nor did it retain an interest in the previously assigned note, FIRREA does not confer exclusive federal jurisdiction over Henrichs' claims. *Id.* at 614.

This is the same situation as faced in the instant case.  The administrative remedies under FIRREA do not apply to third parties who are not account holders, debtors or direct creditors of the failed institution.

Accordingly, the Court, in its August 10, 2010 Order made a mistake by indicating that the only relief available to Plaintiffs herein against JPMorgan would have been to file an administrative claim with the FDIC.  That is not true.  By ordering that Plaintiffs are required to seek relief through a claims process that does not apply to them, to an entity that has no jurisdiction over those claims (the FDIC), the Court's Order of August 10, 2010 irretrievably denies Plaintiffs any remedy, relief, or due process.   Not one of the cases relied upon by the Court in its August 10, 2010 Order—or any cited by Defendant in its initial motion---holds that the FDIC has authority over JPMorgan and its assets or that the FDIC can give Plaintiffs relief under the claims process against JPMorgan.

**C.      THE COURT ERRED BY ASSESSING THE COMPLAINT ON A FACIAL LEVEL WHEN FACTS HAD BEEN SUBMITTED BY JPMORGAN CHASE REQUIRING A FACTUAL ANALYIS**

As a threshold matter, in ruling on a 12(b)(1) motion, the Court must decide whether the challenge is facial and restricted to the allegations of the Complaint or factual and subject to extrinsic evidence. Here, there was extrinsic evidence in the form of a request that the Court take judicial notice of the Purchase and Assumption Agreement ("PAA") it entered with the FDIC pertaining to its purchase of WAMU (See Request for Judicial Notice, Exhibit "1"). This Court erred by accepting the evidence but then not taking judicial notice of the PAA or otherwise failing to amend its analysis and proceed instead with a factual review.

Analyzing the motion from a factual standpoint would not have merely been an academic exercise but rather dispositive factually and as a matter of law. Simply put, the PAA specifically dictated which assets, liabilities, claims and/or obligations of WAMU bank which were assumed by either by (1) JPMorgan Chase, (2) or remained with the FDIC, seller and Receiver.

Strikingly on point, two other federal district courts have considered 12(b)(1) motions filed by JPMorgan seeking to dismiss claims related to its WaMu acquisition. In each, the PAA was introduced, and the Court engaged in a systematic"factual analysis" of the PAA as a means of determining whether there was subject matter jurisdiction. *Punzalan v. FDIC,* (2009) U.S. Dist. Lexis 57289 (W.D. Tx. 2009); *Pena v. Wells Fargo Bank,* 400 B.R. 847, 857 (Bkrptcy S.D. Tx. 2009). *See also Johnson v. Washington Mutual* 2010 U.S.Dist. 22959 (E.D. Cal. 2010) (In resolving Rule 12(b)(6) motion, court took judicial notice of PAA and cited other recent cases doing same).

However, this Court, while acknowledging the facial vs. factual dichotomy as part of the analysis of a 12(b) (1) motion to dismiss elected to completely ignore the PAA. Avoiding this critical piece of extrinsic evidence – offered by the defendant herself – was error. The language of the PAA, if not dispositive on the issue of jurisdiction, is at a minimum important evidence that the Court was required to assess before rendering its decision. By ignoring the PAA, the Court renders it a nullity, but it is not. Rather it expresses the parties' negotiated decision on the assumption of liabilities, which are at the heart of this case,

By example, hypothesize that this PAA contained a provision, which expressly stated as follows:

1  JPMorgan assumes the liability for the claims of all Millennium Bank investors whose
2  checks were deposited in WaMu UTS accounts prior to September 25, 2008.

3  Under this Court's present ruling, notwithstanding this express language in the PAA, the subject

4  investors would nonetheless be subject to FIRREA and the administrative claim process, even

5  though the FDIC by agreement had transferred this liability to JPMorgan Chase. Instead what the

   PAA states is not fundamentally different:

6

7  2.1 Liabilities Assumed by Assuming Bank. Subject to Sections 2.5 and 4.8, the
   Assuming Bank expressly assumes at Book Value (subject to adjustment pursuant to
8  Article VII) and agrees to pay, perform, and discharge, all of the liabilities of the Failed
   Ban which are reflected on the Books and Records of the Failed Ban as of Ban closing,
9  including the Assumed Deposits and all liabilities associated with any and all employee
   benefit plans, except as listed on the attached Schedule 2.1, and as otherwise provided in
10 this Agreement (such liabilities referred to as "Liabilities Assumed"). Notwithstanding
   Section 4.8, the Assuming Ban specifically assumes all mortgage servicing rights and
11 obligations of the Failed Ban.

12
   2.2 Interest on Deposit Liabilities. The Assuming Ban agrees that it will assume all
13 deposit contracts as of Ban Closing, and it will accrue and pay interest on Deposit
   liabilities assumed pursuant to Section 2.1 at the same rate(s) and on the same terms as
14 agreed to by the failed ban as existed as of Ban Closing. If such Deposit has been pledged
   to secure and obligation of the depositor of other party, any withdrawal thereof shall be
15 subject to the terms of the agreement governing such pledge.

16
   A reasonable interpretation of the plain language of these provisions leads to the
17
   conclusion that Defendant directly assumed any and all liabilities attributed to deposit accounts
18
   such as those held by UT of S containing Plaintiffs' lost investment funds.  At a minimum, given
19
   the Court's decision to review the Complaint factually, these provisions should have been made
20
   part of its analysis.  See *Johnson v. Washington Mutual* 2010 U.S. DIST.LEXIS 22959 (E.D.Ca.
21
   2010) (Court took judicial notice of PAA after JPMorgan Chase placed PAA at issue; court held
22
   that under PAA, WaMu's lender liability went to FDIC but servicing liability went to JPMorgan
23
   and Court thereby could not conclude that claims against JPMorgan could be dismissed); *Pena v.*
24
   *Wells Fargo Bank*, supra, 400 B.R. at 857-58; See also Req. for Judicial Notice (asking Court to
   examine PAA and conclude that claims related for a loan went to FDIC but not JPMorgan Chase)
25

26
   **D.    IT WAS A MISTAKE TO DENY PLAINTIFFS' LEAVE TO AMEND**
27

28

---

PLAINTIFFS' REQUEST FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FRCP 60(B)
Civil Action Nos. CV 09-5272 & CV 09-5560
                                                                9

1    The Federal Rules of Civil Procedure provide that leave to amend a complaint should be

2  freely given "when justice so requires." F.R.Civ.P. 15(a)(2). While leave to amend would not

3  necessarily be granted automatically, the circumstances under which Rule 15(a) "permits denial

4  of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388 (5th Cir. 1388,

5  1391).

6    In its August 10, 2010 Order, the Court explicitly found that, "Plaintiffs' claims clearly

7  relate to the acts and omissions of WaMu as a failed institution under FIRREA. Each specific

8  allegation of misconduct occurred in the four years preceding WaMu's failure, starting in 2004

9  and running through the bank's seizure in 2008." Order at 6:9-14. This is a mistake of fact.

10  Plaintiffs' claims are not only about misconduct occurring before the bank's seizure in 2008.

11  Plaintiffs' claims explicitly extend to wrongful acts by JPMorgan *after* the seizure, and *after*

12  JPMorgan purchased certain assets and liabilities. For example, see the Lowell Complaint at

13  paragraph 7: "The practices continued *after* the JPMorgan acquisition in September 2008. *For its*

14  *own conduct*, and as WAMU'S successor in interest JPMorgan is liable to Plaintiffs and the

15  class... " (emphasis added). The Court, in fact, acknowledged that Plaintiffs allege the

16  fraudulent Ponzi scheme continued to occur under JPMorgan's ownership: "However, Plaintiffs

17  allege that this scheme continued until March of 2009, when the SEC commenced an action

18  against Mr. Wise and his associates based on the above described course of conduct." Order at

19  3:24-27, citing to the Benson Complaint at ¶75 and the Lowell Complaint at ¶52. Despite all of

20  this, the Court made its erroneous factual "finding" at page 7, cited above, that Plaintiffs are

21  somehow "only asserting claims against WaMu as a failed institution." This was a mistake.

22    First, if the Court believes that Plaintiffs' pleadings could be more clear as to the

23  allegations against JPMorgan for its conduct after it purchased certain assets and obligations of

24  the failed bank, Plaintiffs are ready, willing, and able to make such amendments to its pleadings

25  to cure any perceived deficiencies, and therefore should have been permitted to do so. However,

26  Plaintiffs were denied such opportunity when the Court ruled summarily without even affording

27  the parties oral argument. Leave to amend may only be properly denied on a Rule 12 motion if

28

1    the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829,

2    843 (9th Cir. 1991). However, before discovery is complete, a proposed amendment is "futile"

3    only if no set of facts can be proved under the amendment that would constitute a valid claim or

4    defense. *Miller v. Rykoff-Sexton Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

5        The Court's factual "finding" raises a second issue. It is premature for the Court to make

6    such factual determinations in this case. Defendant's motion was a motion to dismiss explicitly

7    for lack of jurisdiction; no other grounds or issue were before the Court. Defendant's motion was

8    not a motion for summary judgment. As discovery has not even commenced, and the relevant

9    facts have not yet been presented to the Court, was premature for the Court to make such a factual

10    finding at this time.

11        As an additional example, the Court also "found" that the fact that while WaMu managers

12    and employees who had aided and abetted the Millennium Ponzi scheme were then hired by

13    JPMorgan and continued to aid and abet the scheme on behalf of JPMorgan, these were, in the

14    Court's view, merely claims 'relating' to WaMu's conduct." Order at 6:28-7:7. These managers

15    and employees have not even been deposed in this matter. Yet the Court has made factual

16    findings in the form of a dispositive order regarding the nature of their employment and,

17    therefore, the knowledge JPMorgan had as to the fraudulent scheme its managers were

18    perpetuating.

19        And again, the Court has not even considered the Purchase and Assumption Agreement

20    ("PAA") between JPMorgan and the FDIC as to exactly what assets and liabilities JPMorgan was

21    agreeing to purchase from WaMu. JPMorgan understood what it was purchasing, and negotiated

22    fiercely and independently to determine these rights and obligations. Seventeen pages of the

23    PAA relates to indemnity provisions. Yet without having that issue before it, and without

24    reviewing and applying the PAA to its analysis, the Court has now determined that JPMorgan has

25    no liability to Plaintiffs and denied Plaintiffs any avenue of relief.

26

27

28

1

### V.   CONCLUSION

2    For the reasons set forth herein, this Court, in the interests of justice, should modify its

3 judgment of August 10, 2010 and deny Defendant's Motion to Dismiss under Rule 12(b)(1), and

4 accept jurisdiction of this proceeding.  In the alternative, the Court should grant leave to amend as

5 requested herein.

6

7 Dated:  September 7, 2010                                       Respectfully submitted,

8                                                                **MINAMI TAMAKI, LLP**

9                                              By:         _/s/ Derek G. Howard_

10                                                          Derek G. Howard

11                                                          *Counsel for the Lowell Plaintiff*
                                                           *and the Putative Class*

12

13                                                          **NIALL P. McCARTHY** (SBN 160175)
                                                           nmccarthy@cpmlegal.com

14                                                          **ANNE MARIE MURPHY** (SBN 202540)
                                                           amurphy@cpmlegal.com

15                                                          **ARON K. LIANG** (SBN 228936)
                                                           aliang@cpmlegal.com

16                                                          **COTCHETT, PITRE & McCARTHY**
                                                           840 Malcolm Road, Suite 200

17                                                          Burlingame, CA 94010
                                                           Tel:    (650) 697-6000

18                                                          Fax:    (650) 697-0577

19                                                          **STEVEN N. BERK** (*admitted pro hac vice*)
                                                           steven@berklawdc.com

20                                                          **BERK LAW PLLC**
                                                           1225 15th Street, N.W.

21                                                          Washington D.C. 20005
                                                           Tel:    (202) 232-7550

22                                                          Fax:    (202) 232-7556

23                                                          **KEITH L. MILLER** (*admitted pro hac vice*)
                                                           klm4law@aol.com

24                                                          Twenty One School Street
                                                           Boston, MA 02108

25                                                          Tel:    (617) 523-5803
                                                           Fax:    (617) 523-4563

26

27                                                          *Counsel for the Benson, Baloch*
                                                           *and Gursahaney Plaintiffs and the Class*

28